SIXTH DIVISION

March 10, 2000

No. 1-99-0472

CEAS MORTGAGE COMPANY, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

)

)

WALNUT HILLS ASSOCIATES, LTD., )

ROBERT C. MORGAN, MICHAEL )

COOPER, HALL SCENICTREE )

ASSOCIATES, )

CRAIG HALL and HALL 84 )

ASSOCIATES, ) Honorable

) Lee Preston,

Defendants-Appellants. ) Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

Pursuant to a question certified by the circuit court, we consider whether section 7 of the Real Estate License Act of 1983 (225 ILCS 455/7 (West 1996)) prohibits an unlicensed corporation from maintaining an action to recover real estate brokerage commissions.  We answer the certified question in the affirmative, hold that an unlicensed corporation cannot maintain an action to recover brokerage commissions, and reverse the order of the circuit court denying defendants' motion to dismiss plaintiff's complaint.

Plaintiff, Ceas Mortgage Company, filed a breach of contract action against defendants, Hall Scenictree Associates, Craig Hall and Hall 84 Associates.  Plaintiff alleged that it had acted as a real estate broker for sale of property to defendants.  At the closing, the sellers of the property agreed to defer the payment of plaintiff's real estate brokerage commission until a later date.  Also, defendants agreed not to refinance the note on the property unless they caused payment of the commission to plaintiff.  Plaintiff alleged that defendants breached the agreement by subsequently refinancing the note without causing payment of the commission to plaintiff.  Plaintiff sought the amount of the unpaid commission as damages.  

Defendants filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1996))
, 
arguing that plaintiff did not have a real estate brokerage license and therefore was prohibited under section 7 of the Real Estate License Act of 1983 (Act)(225 ILCS 455/7 (West 1996)) from maintaining an action to recover the real estate brokerage commission.  Plaintiff argued that an employee who was personally licensed pursuant to the statute had performed all the brokerage services and thus, plaintiff could bring suit for the unpaid commission.  

The circuit court denied defendants' motion to dismiss and certified the following question of law for immediate appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

"Whether [section seven] of the [Act] prohibits unlicensed corporations from maintaining an action to recover brokerage commissions."  

Our analysis requires construction of section 7 of the Act.  Because the construction of a statute is a matter of law, we may independently construe the Act.  See 
Dana Tank Container, Inc. v. Human Rights Comm'n
, 292 Ill. App. 3d 1022, 1024 (1997).

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature.  
Augustus v. Estate of Somers
, 278 Ill. App. 3d 90, 97 (1996).  In determining legislative intent, the court first considers the statutory language.  
Somers
, 278 Ill. App. 3d at 97.  Where the statutory language is clear, it will be given effect without resort to other aids for construction.  
Somers
, 278 Ill. App. 3d at 97.

Section 7 states:

"No action or suit shall be instituted, nor recovery therein be had, in any court of this State by any person, partnership, limited liability company, or corporation for compensation for any act done or service performed, the doing or performing of which is prohibited by this Act to other than licensed brokers or salespersons unless such person, partnership, limited liability company, or corporation was duly licensed hereunder as a broker or salesperson under Article 1 of this Act at the time that any such act was done or service performed which would give rise to a cause of action for compensation."  225 ILCS 455/7 (West 1996).
(footnote: 1)
First, the parallel construction of section 7 shows that the phrase "No action or suit shall be instituted, nor recovery therein be had, in any court of this State by any person, partnership, limited liability company, or corporation for compensation" (225 ILCS 455/7 (West 1996)) is conditioned by the subsequent phrase "unless such person, partnership, limited liability company, or corporation was duly licensed hereunder as a broker or salesperson."  225 ILCS 455/7 (West 1996).  Thus, section 7 addresses who can maintain an action for compensation, specifically, persons, partnerships, limited liability companies and corporations who are licensed as brokers or salespersons.  Second, section 7 addresses what act or service can be the subject of an action for compensation, specifically, "any act done or service performed, the doing or performing of which is prohibited by this Act to other than licensed brokers or salespersons."  225 ILCS 455/7 (West 1996).

Thus, section 7 imposes two requirements to maintain an action for compensation for brokerage services: first, the party maintaining the action for compensation must be licensed and, second, the "act done or service performed" that is the subject of the action for compensation must be performed by "licensed brokers or salespersons."  225 ILCS 455/7 (West 1996).

Here, plaintiff seeks compensation for brokerage services performed by one of its licensed employees in connection with the sale of property to defendants.  However, since plaintiff was not licensed at the time the services were provided, it cannot bring suit for compensation therefor. Accordingly, the trial court erred in failing to dismiss plaintiff's complaint.

Plaintiff argues that section 3 of the Act compels a different result.  Section 3 states in relevant part:

"No corporation shall be granted a license, or engage in the business or capacity, either directly or indirectly, of a real estate broker, unless every officer of such corporation who actively participates in the real estate activities of such corporation holds a license as a real estate broker, and unless every employee who acts as a salesperson for such corporation holds a license as a real estate broker or salesperson."  225 ILCS 455/3 (West 1996).

Plaintiff argues that, pursuant to section 3, an unlicensed corporation (such as plaintiff) may engage in the business of a real estate broker if the officers and employees participating in that business are licensed.  Even assuming, without deciding, that plaintiff's interpretation of section 3 is accurate, it does not change the result of the present case.  Here, we consider section 7 to determine whether an unlicensed corporation can maintain a suit for compensation for brokerage services.  Section 3 concerns some requirements for licensing or engaging in the business of brokering and does not speak to the circumstances surrounding a suit for compensation.  Accordingly, section 3 is not relevant to our analysis. 

Also, defendants have cited 
Federated Petroleum Services, Inc. v. Daniels
, 56 Ill. App. 2d 236 (1965), in support.  
Federated
 is inapposite because it did not involve the issue before us, 
i.e.
, whether an unlicensed corporation can file suit for compensation for brokerage services.

In conclusion, we answer the trial court's certified question in the affirmative and hold that plaintiff, an unlicensed corporation, cannot maintain an action to recover commissions for brokerage services.   Therefore, we reverse the order of the circuit court denying defendants' motion to dismiss plaintiff's complaint.

Reversed.

CAMPBELL, J., and BUCKLEY, J., concur.

FOOTNOTES
1:     
The Real Estate License Act of 1983 was repealed and superseded by the Real Estate License Act of 2000. Pub. Act 91-245, eff. Dec. 31, 1999 (amending 225 ILCS 455/1 et seq. (West 1996)).  The former section 7 is now found in section 10-15(b) and states:

"No action or suit shall be instituted, nor recovery therein be had, in any court of this State by any person, partnership, 
registered limited liability partnership
, limited liability company, or corporation for compensation for any act done or service performed, the doing or performing of which is prohibited by this Act to other than licensed brokers, salespersons, 
or leasing agents
 unless the person, partnership, 
registered limited liability partnership
, limited liability company, or corporation was duly licensed hereunder as a broker, salesperson, 
or
 
leasing agent
 under this Act at the time that any such act was done or service performed that would give rise to a cause of action for compensation."  (Changes in superseding Act emphasized.) Pub. Act 91-245, Art. 10, §10-15 (b).