Docket No. 88179–Agenda 19–May 2000.

STAR CHARTERS, Appellee, v. DAVID J. FIGUEROA 
et al.
,   Appellants.

Opinion filed July 6, 2000.

JUSTICE HEIPLE delivered the opinion of the court:

The question presented by this appeal is whether a defendant’s post-trial request for a setoff based on amounts paid in settlement by other defendants must be filed within 30 days of the entry of judgment. The answer is no.

David J. Figueroa was injured when the bus in which he was riding collided with two trucks. Figueroa filed suit against the operators of each truck and against Star Charters, which operated the bus. Prior to trial, Figueroa reached court-approved settlements with the two truck operators for a total of $70,000. The case then proceeded to trial, resulting in a $200,000 judgment for Figueroa.

Two months after judgment was entered, Star Charters filed this suit seeking to set off the $200,000 judgment by the $70,000 already paid to Figueroa in settlement. The circuit court granted the requested setoff. The appellate court affirmed. No. 1–98–4262 (unpublished order under Supreme Court Rule 23). We allowed Figueroa’s petition for leave to appeal. 177 Ill. 2d R. 315(a).

Figueroa contends that the circuit court had no authority to award the setoff because Star Charters was required to file its request for setoff within 30 days of the entry of judgment. Figueroa notes that section 2–1202 of the Code of Civil Procedure requires that post-trial motions be filed within 30 days of the entry of judgment. 735 ILCS 5/2–1202 (West 1996). Figueroa argues that a request for setoff is a post-trial motion subject to this statutory time limit. Figueroa is incorrect.

As recognized by nearly all of the appellate decisions which have addressed this issue, a defendant’s request for setoff to reflect amounts paid by settling defendants seeks not to 
modify
, but rather to 
satisfy
, the judgment entered by the trial court. See 
Couch v. State Farm Insurance Co.
, 279 Ill. App. 3d 1050, 1055 (1996); 
Klier v. Siegel
, 200 Ill. App. 3d 121, 128 (1990); 
J.F. Equipment, Inc. v. Owatonna Manufacturing Co.
, 143 Ill. App. 3d 208, 221 (1986); 
Weaver v. Bolton
, 61 Ill. App. 2d 98, 105 (1965). Such a request does not arise as a result of trial, but is instead in the nature of a supplementary or enforcement proceeding within the inherent power of the judgment court. Because the request is not a motion directed against the judgment, it is not subject to the 30-day time limit applicable to post-trial motions. The decision to the contrary by the Fifth District of the appellate court in 
Decker v. St. Mary’s Hospital
, 266 Ill. App. 3d 523 (1994), is hereby overruled.

The appellate court’s judgment is affirmed.

Affirmed.