JOYCE MILLER, as Adm'r of the Estate of Roberta Terrell, Plaintiff-Appellant, v. LARRY PENROD *et al.*, Defendants-Appellees.

Third District   No. 3—01—0212

Opinion filed December 7, 2001.

Andrew J. Kleczek (argued), of Law Offices of Andrew J. Kleczek, and Warren E. Danz, of Warren E. Danz, P.C., both of Peoria, for appellant.

Thomas Bordenkircher (argued), of Chatham, for appellee Kingsway East, Inc.

JUSTICE BRESLIN delivered the opinion of the court:

The administrator of the estate of Roberta Terrell (estate) filed this wrongful death action against defendants Larry Penrod, Greg Roberson, Kingsway East, Inc. (Kingsway), and Cole Mine Tavern. In its complaint, the estate asserted a claim for loss of society under section 6—21 of the Liquor Control Act of 1934 (Act) (235 ILCS 5/6—21 (West 2000)). The trial court dismissed the estate's claim, concluding that the Act did not provide a cause of action for loss of society at the time of Terrell's death. We reverse and hold that section 6—21 of the Liquor Control Act provides a cause of action for loss of society for injuries sustained after the effective date of the Act and prior to the installation of the cap on damages on July 1, 1998.

## FACTS

On April 26, 1998, Terrell was a passenger in a vehicle driven by Penrod but owned by Roberson. Penrod, who had become intoxicated at Kingsway, lost control of the vehicle and drove the wrong way on Interstate 74 in Tazewell County, Illinois. The vehicle crashed into the wall of a bridge, flipped over the bridge, and fell to the street below, killing Terrell instantly. At the time of her death, Terrell was survived by one adult and two minor children, all of whom lived with her.

The estate filed an action for wrongful death against Penrod, Roberson, Kingsway, and Cole Mine Tavern. Its complaint alleged that Terrell's death was caused by the negligence of Penrod and Roberson and that Kingsway and Cole Mine Tavern violated the Act by selling the liquor to Penrod that caused his intoxication. Eventually, the action was settled as to Penrod and Roberson. Because the parties stipulated at a bench trial that Cole Mine Tavern was not the cause of Pen-

rod's intoxication, it was dismissed with prejudice. Kingsway remained as the only defendant.

As to Kingsway, the trial court concluded that the estate could not bring its loss of society claim against it because the Liquor Control Act did not provide that cause of action for injuries sustained prior to July 1, 1998. As a result, the court awarded the estate $5,198 for Terrell's funeral and burial expenses. On March 9, 2001, the estate filed its notice of appeal. Three days later, Kingsway filed a posttrial motion, requesting that the court set off all of the damages because the settlement with Penrod included damages for Terrell's funeral and burial expenses. The trial court granted Kingsway's motion, reducing its award to zero.

## ANALYSIS

■ The issue on appeal is whether the court erred in determining that the Liquor Control Act bars the estate's loss of society claim against Kingsway. This court reviews questions of statutory construction *de novo. Babbitt v. United Parcel Service, Inc.*, 212 Ill. App. 3d 204, 571 N.E.2d 506 (1991).

Before addressing the substance of this issue, however, we first must consider Kingsway's claim that this court lacks jurisdiction over this appeal. Kingsway asserts that under Supreme Court Rule 302(a)(2) (155 Ill. 2d R. 303(a)(2)), its filing of a posttrial motion after the estate filed its notice of appeal precludes this court's jurisdiction.

■ Supreme Court Rule 303(a)(2) (155 Ill. 2d R. 303(a)(2)) provides in relevant part:

> "When a timely post-judgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending post-judgment motion shall have no effect and shall be withdrawn by the party who filed it, by moving for dismissal pursuant to Rule 309. This is so whether the timely post-judgment motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the post-judgment motion, as provided in subparagraph (a)(1) of this rule."

To qualify as a posttrial motion under Rule 303(a)(2), the motion must request one of the statutorily authorized types of relief, consisting of rehearing, retrial, modification, or vacation of the judgment. *Giammanco v. Giammanco*, 253 Ill. App. 3d 750, 625 N.E.2d 990 (1993). Even if the motion requests the court to modify the judgment, it must be "directed against the judgment" in order to constitute a posttrial motion for Rule 303 purposes. *Giammanco*, 253 Ill. App. 3d at 755, 625 N.E.2d at 995.

In *Star Charters v. Figueroa*, 192 Ill. 2d 47, 733 N.E.2d 1282 (2000), our supreme court considered whether a request for a setoff must be filed within the statutory 30-day time limit after entry of judgment applicable to posttrial motions. The court found that a request by a defendant for a setoff to reflect the amounts paid by settling defendants seeks to satisfy, not to modify, the judgment entered by the trial court. *Figueroa*, 192 Ill. 2d at 48, 733 N.E.2d at 1283. According to *Figueroa*, a request for setoff is more akin to a supplementary or enforcement proceeding, which is within the court's inherent powers, than an issue arising as a result of trial. *Figueroa*, 192 Ill. 2d at 49, 733 N.E.2d at 1283.

■ Based on the reasoning set forth in *Figueroa*, we hold that this court has jurisdiction because Kingsway's motion for a setoff does not constitute a modification of the judgment which is directed against the verdict. Instead, the motion for setoff seeks to satisfy the judgment entered by the trial court. Because Kingsway's request for a setoff did not constitute a posttrial motion that was directed against the verdict, Supreme Court Rule 303(a)(2) was not applicable, and the estate did not have to withdraw its notice of appeal and refile.

With the jurisdictional issue decided, we turn to the issue of whether the Liquor Control Act bars the estate's claim for loss of society. The estate argues that the trial court erred in concluding that the Act does not provide a cause of action for loss of society for occurrences prior to July 1, 1998. Instead, it suggests that the Act was amended to set a cap on damages for loss of society claims stemming from incidents after that date. While the estate advances other arguments in the alternative, since we are persuaded by the estate's claim under the Act, we will address only that argument.

■ Section 21 of the Act provides in pertinent part:

"For all causes of action involving persons injured, killed, or incurring property damage after September 12, 1985 but before July 1, 1998, in no event shall the judgment or recovery for injury to the person or property of any person exceed $30,000 for each person incurring damages, and recovery under this Act for loss of means of support resulting from the death or injury of any person shall not exceed $40,000. For all causes of action involving persons injured, killed, or incurring property damage on or after July 1, 1998, in no event shall the judgment or recovery for injury to person or property of any person exceed $45,000 for each person incurring damages, and recovery under this Act for either loss of means of support or loss of society resulting from the death or injury of any person shall not exceed $55,000." 235 ILCS 5/6—21 (West 2000).

■ The fundamental principles in construing a statute are well settled. Above all other rules of statutory construction, this court must ascertain and give effect to the legislature's intent in enacting the statute. *Bruso v. Alexian Brothers Hospital*, 178 Ill. 2d 445, 687 N.E.2d 1014 (1997). The legislature's intent is best demonstrated by the language of the statute itself. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 634 N.E.2d 712 (1994). If the legislature's intent is clear from the statute's plain language, the court must confine its inquiry to a consideration of that language and must not look to extrinsic aids. *Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 664 N.E.2d 61 (1996). Where the language of a statute is ambiguous, a court may resort to other means of statutory interpretation, such as legislative history, in order to determine the legislature's intent. *Armstrong v. Hedlund Corp.*, 316 Ill. App. 3d 1097, 738 N.E.2d 163 (2000).

■ We hold that the language of section 6—21 of the Liquor Control Act creates a cause of action for loss of society that was effective at the time Terrell lost her life. Our holding on this issue is one dictated by the statute's plain language. The Act did not always include a cause of action for loss of society. See *Farmers State Bank & Trust Co. v. Lahey's Lounge, Inc.*, 165 Ill. App. 3d 473, 519 N.E.2d 121 (1988) (finding no recovery under the Act for loss of society). The amendment allowing an action for loss of society became effective July 14, 1997, nine months prior to Terrell's death. In the same amendment, the legislature placed caps on recovery for loss of society damages but those caps did not go into effect until almost a year later, which was two months after Terrell's death. That the legislature chose to cap damages after the effective date of the amendment has no bearing on the creation of the loss of society cause of action, however, nor does it make the statute ambiguous.

Because we do not find the statute ambiguous, we are not free to go to the laws of construction and review the legislative record. See *Ceas Mortgage Co. v. Walnut Hills Associates, Ltd.*, 312 Ill. App. 3d 242, 726 N.E.2d 695 (2000) (determining that when a statute's language is clear, it is given effect without resorting to other aids for construction). Accordingly, we reverse the trial court's decision to dismiss the estate's claim for loss of society under the Act.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HOMER, P.J., and HOLDRIDGE, J., concur.