# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Williams v. BNSF Ry. Co.*, 2013 IL App (1st) 121901

---

| | |
|---|---|
| Appellate Court Caption | ANTHONY WILLIAMS, Plaintiff-Appellee, v. BNSF RAILWAY COMPANY, f/k/a Burlington Northern Railroad Company, f/k/a The Burlington Northern and Santa Fe Railway Company, d/b/a The Burlington Northern Santa Fe Railway Company, Defendant-Appellant (BNSF Railway Company, Third-Party Plaintiff-Appellant; Quality Terminal Services, LLC, Third-Party Defendant-Appellee). |
| District & No. | First District, Third Division<br>Docket No. 1-12-1901 |
| Filed<br>Rehearing denied | September 25, 2013<br>January 31, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant railroad's appeal from an award of damages to plaintiff pursuant to the Federal Employers' Liability Act and a verdict against the railroad on its contractual indemnity claim was dismissed for lack of jurisdiction, where the railroad failed to file its appeal within 30 days of the trial court's oral order ruling on all posttrial motions, regardless of the railroad's contention that the circumstances of the trial court's oral ruling led to confusion, since the railroad should have sought clarification within 30 days of that ruling. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-L-8509; the Hon. Clare E. McWilliams, Judge, presiding. |
| Judgment | Appeal dismissed. |

| Counsel on Appeal | Daley Mohan Groble, PC, of Chicago (Raymond H. Groble III, Sean M. Sullivan, and Jeffrey J. Scolaro, of counsel), for appellant. |
|---|---|
| | Cochran, Cherry, Givens, Smith & Montgomery, LLC, of Chicago (James D. Montgomery, Jr., and John K. Kennedy, of counsel), for appellee Anthony Williams. |
| | Fletcher & Sippel LLC, of Chicago (James A. Fletcher and Peter C. McLeod, of counsel), for appellee Quality Terminal Services, LLC. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion. Presiding Justice Hyman and Justice Neville concurred in the judgment and opinion. |

## OPINION

¶ 1 Plaintiff-appellee Anthony Williams filed suit against defendant-appellant BNSF Railway Company (BNSF) pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 (2006)), for an employment-related injury. BNSF filed a third-party complaint for contribution and contractual indemnification against third-party defendant-appellee Quality Terminal Services (QTS). The jury returned a verdict in favor of Williams and awarded total damages in the amount of $2,676,960. The jury assessed 50% of the negligence involved in the injury to Williams, 37.5% to BNSF and 12.5% to QTS. The jury also returned a verdict in favor of QTS on BNSF's contractual indemnity claim.

¶ 2 On appeal, BNSF contends that the circuit court erred in denying its motion for a directed verdict on the contractual indemnity claim where the evidence established that BNSF gave reasonable notice to QTS. BNSF further contends that the circuit court erred in refusing to allow evidence related to Williams' termination of employment with BNSF. Finally, BNSF contends that the circuit court erred in allowing evidence of the loss of household services, including unsupported opinion testimony regarding the value of those services.

¶ 3 Williams, joined by QTS, asserts that this court lacks jurisdiction because BNSF's notice of appeal was not timely filed. Williams and QTS also contend that BNSF has waived many of the issues it raises and that, in any event, the jury's verdict is supported by the evidence. For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

¶ 4 As an initial matter, both Williams and QTS argue that this court lacks jurisdiction to decide this appeal because BNSF did not file its notice of appeal within 30 days of the trial court's oral ruling on all posttrial motions. Williams filed a motion to dismiss this appeal for

lack of jurisdiction and QTS joined in the motion. Another panel of this court denied the motion on August 12, 2012.

¶ 5 BNSF first argues that the court should not address the jurisdictional arguments raised by Williams and QTS given the denial of their earlier motion to dismiss. However, as discussed below, the procedural posture of the case following trial is complicated and the record is unclear in certain respects. Thus, without an in-depth examination of the record and the issues raised by the motion to dismiss, it would have been difficult to discern the merits of the parties' respective positions. Further, because the motion to dismiss concerns jurisdiction over this appeal, it is appropriate for Williams and QTS to ask us to revisit the issue and, indeed, we have a duty to do so. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010) (noting that "a reviewing court has a duty to consider its jurisdiction and to dismiss the appeal if it determines that jurisdiction is wanting" (internal quotation marks omitted) (quoting *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984))). Therefore, we will address our jurisdiction over BNSF's appeal.

¶ 6 The trial court issued an oral ruling denying all posttrial motions on April 18, 2012. No written ruling reflecting the court's ruling was ever entered. The only issue remaining after the oral ruling was BNSF's request for a setoff against the judgment in the amount of taxes it would have to pay in the future on lost wages awarded by the jury. Williams, joined by QTS, contends that because a setoff satisfies rather than modifies a judgment, it does not toll the 30-day period for filing a notice of appeal and, therefore, BNSF's notice of appeal filed on June 29, 2012, 72 days after the denial of all posttrial motions, was untimely.

¶ 7 Following the jury's verdict, BNSF filed its posttrial motion on January 26, 2012. The motion sought a new trial or, alternatively, judgment notwithstanding the verdict on 45 different grounds, including claimed errors in evidentiary rulings and jury instructions, and the court's failure to conclude that BNSF's demand for indemnification from QTS was timely as a matter of law. A ruling in favor of BNSF on any of the foregoing issues would have required the court to either grant a new trial or set aside the jury's verdict in favor of either or both Williams or QTS and vacate or modify the judgment accordingly.

¶ 8 In contrast, the forty-sixth issue raised in BNSF's posttrial motion–its request for a setoff in the amount of taxes payable as a result of lost wages awarded to Williams–if granted, would not have required the trial court to modify or set aside the judgment entered on the jury's verdict. Instead, the requested setoff, if allowed, would have served as partial satisfaction of the judgment.

¶ 9 The record reflects that at the conclusion of the hearing on posttrial motions on April 18, 2012, the trial court orally ruled that the posttrial motions were denied, with the exception of the "taxation issue" raised by BNSF, which the court took under advisement. The trial court stated that it would issue an order "on [the tax setoff issue] probably within the next ten days or so" and the parties would be notified at that time. No written order was entered on April 18.

¶ 10 On May 31, 2012, more than 30 days after the trial court's April 18 ruling, BNSF filed

an "emergency" motion[1] for leave to file supplemental authority. BNSF's supplemental authority, *Crowther v. Consolidated R. Corp.*, 680 F.3d 95 (1st Cir. 2012), related to a claim raised in its posttrial motion that it was entitled to a remittitur for the amount of disability payments received by Williams. This issue had already been rejected by the trial court in its April 18, 2012 oral ruling.

¶ 11     On June 1, 2012, at a hearing on BNSF's motion, the trial court commented that BNSF's motion seemed to assume that BNSF's entire posttrial motion was under advisement and asked counsel for BNSF if he was unclear about the court's prior ruling. BNSF's counsel responded that in advance of the final, appealable written ruling on all issues, he wanted to submit new authority that he contended was on point with certain issues raised in BNSF's posttrial motion. The court reiterated that all posttrial relief sought by BNSF had already been denied, the only issue remaining being BNSF's claim for a setoff for future taxes. The court stated that a written ruling would be issued on the only remaining issue, but informed counsel that if a written ruling could not be issued shortly, the court would rule orally.

¶ 12     With respect to the new authority regarding its request for a remittitur, BNSF argued, as it had in its original posttrial motion, that the jury had awarded lost wages, but Williams had been receiving disability payments, so BNSF was entitled to a remittitur for the disability payments received. The trial court agreed with Williams' counsel that it had already denied that portion of the posttrial motion, but stated that it was appropriate for BNSF to bring new case law to the court's attention.

¶ 13     The trial court then turned to the setoff issue. Following a discussion regarding whether the trial court had jurisdiction to decide this issue, the court stated, "I'm going to ask you to come back one last time. I'm going to give you a record that you can take up because I assume you're going to take up this case."

¶ 14     Another hearing was held on June 6, 2012. During this hearing the court observed that the issues presented related to BNSF's request for a remittitur in an amount equal to the disability payments Williams had received since the date of his injury, and a setoff for taxes. The court distinguished *Crowther* and again denied that portion of BNSF's posttrial motion. The trial court then turned to the tax setoff issue and indicated its belief that BNSF was seeking an advisory opinion on an issue not properly before the court. The court instructed the parties to draft an order including the following language: "For all the reasons stated in the record the post-trial motion is denied. Everyone is responsible for their own tax liability."

¶ 15     Counsel for Williams sought clarification on the phrase "post-trial motion," and specifically whether the court was referring only to the tax setoff issue or whether it was again ruling on other issues raised in BNSF's posttrial motion. The court clarified that the ruling concerned only the remittitur for disability payments and the tax setoff issue. The court also indicated that the order should include language to the effect that the order was final and appealable.

¶ 16     The written order of June 6, 2012 states: "For all reasons stated by the Court, on record, on June 6, 2012, post-trial motions relating to disability payments + taxes are denied." The

---

[1]The nature of the "emergency" prompting BNSF's motion is unclear.

phrase "relating to disability payments + taxes" was inserted after the original order was prepared. The order further stated that it was "final and appealable," with the additional phrase, "regarding the verdict in this matter" crossed out. The foregoing changes were made by counsel for Williams.

¶ 17 After the order was drafted, the parties asked that the case be recalled. Counsel for BNSF complained about the changes made to the order by opposing counsel and argued that because this was the first written order regarding posttrial motions, it should reflect a denial of all posttrial motions. Counsel for Williams argued that when he asked whether the court's June 6 order related only to disability payments and a setoff for future taxes, the court answered affirmatively. Counsel for Williams further stated his belief that BNSF was trying to make June 6, 2012, the operative date for purposes of filing a notice of appeal.

¶ 18 The trial court asked counsel for BNSF to articulate the basis for his objection to the order. Counsel responded that he wanted to include the language that counsel for Williams had crossed out, namely, that the order was final and appealable "regarding the verdict in this matter." The court found that that language was properly omitted. The court then stated that the order was final and appealable in its entirety. The transcript reflects that counsel for BNSF asked, "[i]n its entirety?" to which the trial court responded, "[t]he entire case for the record is final and appealable." The order was then entered, incorporating the changes discussed above.

¶ 19 As noted, BNSF's notice of appeal was filed on June 29, 2012, within 30 days of the entry of the June 6, 2012 order, but 72 days after the trial court's oral denial of BNSF's posttrial motion.

¶ 20 We believe that Williams' and QTS' jurisdictional arguments are well-taken. The trial court expressly denied all issues raised in BNSF's posttrial motion on April 18, 2012, specifically reserving only BNSF's setoff claim. There is nothing in the record to indicate that the parties and, in particular, BNSF, anticipated the entry of any written order reflecting the court's ruling. We do not believe BNSF's request for a setoff tolled the time for filing its notice of appeal from the court's oral ruling denying its posttrial motion.

¶ 21 As our supreme court has noted, a request for a setoff seeks to satisfy, not modify, the judgment entered by the trial court. *Star Charters v. Figueroa*, 192 Ill. 2d 47, 48 (2000). In *Star Charters*, defendant Star Charters filed a separate suit two months after a $200,000 judgment on a jury's verdict was entered in favor of Figueroa. *Id.* Star Charters sought a setoff of $70,000 against the judgment as a result of a settlement reached with another defendant. *Id.* Figueroa argued that Star Charters was obligated to pursue its setoff request within 30 days of entry of the judgment pursuant to section 2-1202 of the Code of Civil Procedure (735 ILCS 5/2-1202 (West 1996)). *Star Charters*, 192 Ill. 2d at 48. Rejecting Figueroa's argument, the supreme court stated:

"[D]efendant's request for setoff *** seeks not to *modify*, but rather to *satisfy* the judgment entered by the trial court. [Citations.] Such a request does not arise as a result of trial, but is instead in the nature of a supplementary or enforcement proceeding within the inherent power of the judgment court. Because the request is not a motion directed against the judgment, it is not subject to the 30-day time limit applicable to post-trial

motions." (Emphases in original.) *Star Charters*, 192 Ill. 2d at 48-49.

The court thus found that Star Charters' request for a setoff was not time-barred.

¶ 22    Here, because BNSF could have pursued its request for a setoff more than 30 days following the denial of its posttrial motion seeking to vacate or modify the judgment, it logically follows that the pendency of BNSF's setoff request could not postpone BNSF's obligation to timely appeal from the denial of its posttrial motion. The setoff request raised by BNSF is no different from any other credit sought by a judgment debtor, such as credit for pretrial settlements with other defendants. The fact that BNSF's posttrial motion commingled requests for relief that sought to vacate or modify the judgment with a setoff request that sought only to partially satisfy the judgment cannot change this result. Consequently, if the only issue remaining after April 18, 2012, was BNSF's request for a setoff, relief that does not fall within the purview of section 2-1202, BNSF was required to file its notice of appeal within 30 days after that date and its notice of appeal filed 72 days later was untimely.

¶ 23    BNSF also argues, however, that the trial court's June 6, 2012, order ruled on the disability annuity remittitur issue and, therefore, all issues directed to the judgment raised in BNSF's posttrial motion had not been resolved prior to that date. If BNSF is correct, its notice of appeal was timely because it was filed within 30 days of June 6, 2012.

¶ 24    BNSF's contention in this regard is belied by the record. BNSF's request for a remittitur to account for disability payments received by Williams was, like all of the other arguments advanced by BNSF in its posttrial motion, rejected by the trial court as part of its oral ruling on April 18, 2012. Specifically, the trial court stated, "The post-trial motions that have been filed are respectfully denied, with the exception of the taxation issue which I will take under advisement." BNSF's "emergency" motion regarding the remittitur issue was not filed until May 31, 2012, more than 30 days after the denial of its posttrial motion. Therefore, the trial court no longer had jurisdiction to reconsider its prior ruling on remittitur relating to the disability annuity. Because the 30 days had already run, the trial court could not revest itself with jurisdiction by stating at the June 1, 2012, hearing on BNSF's motion that it was appropriate for BNSF to bring new case law to the court's attention.

¶ 25    Finally, the fact that the trial court did not issue a written order denying the posttrial motions does not make the oral ruling of April 18 any less final. Illinois Supreme Court Rule 272 provides that if, at the time of announcing final judgment, the judge requires the submission of a written order or if a circuit court rule requires the prevailing party to submit a draft order, the judgment is not final until the signed judgment is filed. Ill. S. Ct. R. 272 (eff. Nov. 1, 1990). However, Rule 272 further provides that if no such signed judgment is to be filed, the judgment is entered at the time it is entered of record.

¶ 26    On April 18, the trial court unequivocally ruled that the posttrial motions were denied, with the exception of the tax setoff issue, and further stated that it would issue a written order on the setoff issue only. The court made no reference to a written order regarding the posttrial motions and did not ask the parties to prepare such an order. At the June 1 hearing, the trial court again stated that it hoped to issue a written order on the setoff issue but if not, it would issue an oral ruling on that issue.

¶ 27 At the close of the June 6, 2012, hearing, the trial court instructed the parties to prepare a draft order, but the court made clear that the order related only to the remittitur for disability payments and the setoff for future taxes. Moreover, when counsel for Williams brought to the trial court's attention his belief that BNSF was trying to make June 6 the operative date for purposes of filing a notice of appeal, the court allowed the changes to the order limiting the ruling to two issues to stand. Thus, the only written order in the record specifically limits the ruling to the disability annuity issue (which, as noted, was no longer properly before the court) and the setoff issue. Given that the trial court never required the submission of a written order regarding the denial of BNSF's posttrial motion, the oral ruling on that motion was therefore final on April 18, 2012, the date it was entered into the record.

¶ 28 We agree with the assessment by Williams' counsel that BNSF was attempting to create uncertainty as to the finality of the April 18 ruling when it stated in its emergency motion that "[a]t the conclusion of oral argument, the Court reserved written ruling on all post-trial motions." This statement is not supported by the record. In the event that any uncertainty remained after the April 18 ruling, despite the trial court's unequivocal statement that BNSF's motion was denied with the exception of the setoff issue, it was incumbent on BNSF to seek clarification within 30 days of the court's ruling. See *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 41 (noting that it is the movant's responsibility to obtain a ruling on his motion if he is to avoid forfeiture on appeal). Because BNSF did not file a notice of appeal within 30 days of the trial court's denial of all posttrial motions seeking relief within the scope of section 2-1202, this court lacks jurisdiction to hear this appeal.

¶ 29 For the reasons stated herein, this appeal is dismissed for lack of jurisdiction.

¶ 30 Appeal dismissed.