2022 IL App (2d) 210324
No. 2-21-0324
Opinion filed February 7, 2022

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| PHILIPPOU EYE ASSOCIATES, LTD., | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-L-858 |
| | ) | |
| MICHAEL PILL, | ) | Honorable |
| | ) | Robert G. Kleeman, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Philippou Eye Associates, Ltd., filed a notice of appeal on June 16, 2021, requesting appellate review of the trial court's April 19, 2021, directed finding in favor of defendant, Michael Pill, as to count II of plaintiff's verified amended complaint, pled as willful and wanton conduct and seeking punitive damages. Plaintiff's June 16, 2021, notice of appeal also sought appellate review of the trial court's May 20, 2021, order granting defendant's posttrial motion for setoff in the amount of $34,558, pursuant to section 2-1202 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1202 (West 2018)). For the reasons that follow, we conclude that this court lacks jurisdiction to review plaintiff's contentions regarding the trial court's April 19, 2020, order, however, we affirm the May 20, 2021, order.

¶ 2                                I. BACKGROUND

¶ 3     On November 19, 2019, plaintiff filed an amended two-count complaint alleging that defendant drove his vehicle into plaintiff's business, an optometry office, on August 26, 2016. Count I of the complaint sounded in negligence and sought recovery of lost profits incurred as a result of defendant colliding with plaintiff's business. Count II alleged that defendant acted willfully and wantonly and it sought to recover punitive damages. Defendant's answer to plaintiff's complaint admitted that he negligently operated his vehicle when he collided with plaintiff's business but it denied that his conduct was willful and wanton.

¶ 4     A two-day bench trial commenced on April 19, 2021. After testimony from plaintiff and defendant as an adverse witness, defendant moved for a directed finding on both counts of plaintiff's complaint. The trial court granted defendant's motion as to count II because plaintiff failed to present evidence that defendant acted either intentionally or with conscious disregard.

¶ 5     As to count I, both plaintiff and defendant presented expert testimony regarding plaintiff's lost profits incurred as a result of the collision. Plaintiff's expert, James McGovern, testified that plaintiff sustained $139,698 in lost profits. McGovern arrived at this calculation by determining

> "the number of patients that were lost during the *** 12-week period to figure out how many future visits those patients would *** have come in for, then determine the average revenue per patient visit. Then to determine the incremental profit rate for the company so that we could subtract out any new costs that would have been incurred *** had those patients come in.

>                    ***

And then the second half of my calculation *** dealt with the referrals that were lost. But *** once you figure out how many referrals are lost, it's applying the same formula."

McGovern's lost-profits determination came from reviewing plaintiff's profit-and-loss statements for two 12-month periods ending in June 2017 and June 2018, respectively. McGovern based the number of lost referrals on plaintiff's representation to him that half of his patients refer one patient and an additional 10% of patients "refer multiple new patients." Based on those representations, McGovern estimated a loss of 59 referrals at $327 per exam, 5.56 visits per year and a 64.59% incremental profit rate, resulting in $69,000 in lost profits from the lost referrals. Adding those losses to the loss of 60 existing patients at the time of the accident, McGovern came to a total of $139,698 in profits.

¶ 6    Defendant's expert, Allen Jacque, testified that plaintiff suffered $50,361 in lost profits. He stated that he reviewed plaintiff's annual income statements for 2013 through 2018. The statements showed all sales revenue, other ordinary income, cost of goods sold, and operating expenses. Based on his review, Jacque determined that plaintiff lost $79,461 in revenue, based on the period covering the 12-week closure of the business as well as calculated attrition of 16.3% from loss of patients during the period of closure and future exams after reopening. Jacque used a 3% growth rate to further calculate lost profits due to the 12-week closure and the time after reopening. He testified that McGovern agreed that this calculated growth rate was reasonable and favorable to plaintiff.

¶ 7    Jacque noted that McGovern did not consider patient attrition into his analysis, nor did he consider plaintiff's operating supplies costs or credit card fees. This, Jacque testified, accounted for the difference in profit rate of 63.38% of revenue as calculated by Jacque and 64.59% as

calculated by McGovern. Jacque disagreed with McGovern's analysis using only July 2016 through June 2018 to compute plaintiff's profit rate. The fact that McGovern's analysis computed a profit rate based on the damage period and resulted in a higher percentage profit rate made Jacque "curious about *** the extent of losses or damage that [plaintiff] incurred." Jacque could find nothing in his analysis to support McGovern's reliance on a 50% referral rate from plaintiff's patients and, instead, found that plaintiff lost 68 patients during the relevant closure time, and he considered lost referrals "[t]o the extent it was blended into the actual attrition [rate]." His summary calculation of plaintiff's lost profits was

> "the lost patients from 2016, which are *** 68 [patients] ***. The subsequent patient returns of 175 ***. So combined, that represents 243 lost patient exams. Adopting the revenue per patient exam from Mr. McGovern and what I've adopted of [$]327 per exam, gets you *** lost revenue of $79,461. We multiply that times our incremental profit rate of 63.38 percent, and that computes lost incremental profits to [plaintiff] of $50,361; and that is my opinion."

¶ 8   On April 20, 2021, the trial court made its findings on count I and adopted the opinion of Jacque in determining plaintiff's lost profits. The trial court entered an order in favor of plaintiff on count I in the amount of $50,361. The trial court's written order noted that defendant would file a "Post-Judgment Motion regarding application of setoff by April 27, 2021."

¶ 9   On April 21, 2021, defendant filed a posttrial motion for setoff, pursuant to section 2-1202 of the Code. 735 ILCS 5/2-1202 (West 2018). The motion stated that plaintiff's insurer made to defendant's indemnitor a subrogation demand for loss of income in the amount of $34,558. Defendant's indemnitor paid plaintiff's insurer that amount on January 15, 2020. Proof of payment was attached to defendant's motion for setoff. Also attached to the motion was a declaration of

State Farm claims specialist Craig Hays. Hays was assigned to the claim regarding the August 26, 2016, collision involving defendant and plaintiff's business. Hays affirmed that, after plaintiff's subrogation demand, he made a payment to plaintiff's insurer in the amount of $34,558 for lost revenue as a result of the collision.

¶ 10 On May 3, 2021, plaintiff filed a response to defendant's motion for setoff, wherein it averred that the $34,558 payment made by defendant's indemnitor was for lost profits incurred during the 12-week period the business was closed, not for any future profits lost after the business was reopened. As such, plaintiff argued, defendant was not entitled to setoff, because lost future profits was not the same injury compensated by defendant's indemnitor's payment issued lost profits during the business interruption. In the alternative, plaintiff argued that any setoff amount defendant is entitled to be reduced by one-third under the "common-fund doctrine."

¶ 11 On May 20, 2021, the trial court granted defendant's posttrial motion for setoff in the amount of $34,558 and ordered it be applied to the $50,361 judgment award to plaintiff.

¶ 12 Plaintiff filed a notice of appeal in the trial court on June 16, 2021. In the notice of appeal, plaintiff sought appellate review

"from the order of May 20, 2021, which granted Defendant['s] *** post trial motion filed pursuant to 735 ILCS 5/2-1202 which granted defendant a setoff of [$34,558] against the Court's Judgment order of [$50,361] which the Court had entered against Defendant in favor of Plaintiff on April 20, 2021.

The relief sought is reversal of the Court's decision to grant Defendant's 735 ILCS 5/2-1202 motion for setoff in the amount of [$34,558] and to reinstate the original judgment order of [$50,361]. Furthermore, that the Plaintiff is seeking reversal of the trial court's decision to deny punitive damages. That the cause be remanded back to the trial court with

direction for either a new trial or for reinstatement of the original judgment order of [$50,361] and for a hearing as to punitive damages."

¶ 13                               II. ANALYSIS

¶ 14    Before we proceed to the merits of this appeal, we have an independent duty to examine our appellate jurisdiction. *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1043 (2007). In this case, plaintiff filed a notice of appeal on June 16, 2021, requesting appellate review of the trial court's April 19, 2020, directed finding in favor of defendant on count II of plaintiff's amended complaint, pled as willful and wanton conduct and seeking punitive damages. Plaintiff's June 16, 2021, notice of appeal also sought appellate review of the trial court's May 20, 2021, order granting defendant's posttrial motion for setoff in the amount of $34,558, pursuant to section 2-1202 of the Code. Based on the following, we conclude that this court lacks jurisdiction to review plaintiff's contentions regarding the trial court's April 19, 2020, directed finding.

¶ 15    Regarding the time for filing an appeal, Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) states:

"The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order, irrespective of whether the circuit court had entered a series of final orders that were modified pursuant to postjudgment motions."

¶ 16    On April 19, 2021, a bench trial was held on plaintiff's two-count amended complaint. Also on April 19, 2021, trial court entered a directed finding in favor of defendant on count II. On April 20, 2021, the trial court entered judgment in favor of plaintiff on count I for $50,361. On

April 21, 2021, defendant filed a posttrial motion for setoff pursuant to section 2-1202 of the Code. Plaintiff had 30 days from April 20, 2021, to file a notice of appeal seeking review of the trial court's April 19, 2021, directed finding, because a motion for setoff does not toll the time for filing a notice of appeal under Rule 303.

¶ 17 Section 2-1202 of the Code requires that posttrial motions be filed within 30 days of the entry of judgment. 735 ILCS 5/2-1202(c) (West 2018). However, a posttrial motion for setoff is not subject to this statutory time limit. *Star Charters v. Figueroa*, 192 Ill. 2d 47, 48 (2000).

¶ 18 A defendant's request for setoff to reflect amounts paid by settling defendants seeks not to modify but, rather, to satisfy the judgment entered by the trial court. *Id.* at 48-49; see also *Couch v. State Farm Insurance Co.*, 279 Ill. App. 3d 1050, 1055 (1996); *Klier v. Siegel*, 200 Ill. App. 3d 121, 128 (1990); *J.F. Equipment, Inc. v. Owatonna Manufacturing Co.*, 143 Ill. App. 3d 208, 221 (1986); *Weaver v. Bolton*, 61 Ill. App. 2d 98, 105 (1965). Such a request does not arise because of trial but is instead in the nature of a supplementary or enforcement proceeding within the inherent power of the judgment court. *Star Charters*, 192 Ill. 2d at 49. Because the request is not a motion directed against the judgment, it is not subject to the 30-day time limit applicable to posttrial motions. *Id.*

¶ 19 The *Star Charters* reasoning as to a posttrial motion for setoff was applied directly to find jurisdiction in *Miller v. Penrod*, 326 Ill. App. 3d 594 (2001). In *Penrod*, the plaintiff-estate in a wrongful death action alleged that the decedent's death was caused by the negligence of the named defendants in violation of section 6-21 of the Liquor Control Act of 1934 (Act) (235 ILCS 5/6-21 (West 2000)). *Penrod*, 326 Ill. App. 3d at 595. After a settlement with two of the defendants and the trial court's dismissal of another defendant through stipulation at a bench trial, the trial court found that the remaining defendant-tavern could not be found liable for the plaintiff's loss of

society claim under the Act, because the Act did not provide that cause of action for injuries sustained at the time the decedent suffered his injuries. *Id.* at 595-96. The plaintiff-estate was awarded $5198 for the decedent's funeral and burial expenses. *Id.* at 596. The plaintiff-estate filed a notice of appeal on March 9, 2001, and the defendant-tavern filed a posttrial motion requesting setoff of all damages, which the trial court granted. *Id.*

¶ 20 On appeal, the defendant-tavern challenged the appellate court's jurisdiction, asserting that, under Rule 303(a)(2), its posttrial motion for setoff, filed after the plaintiff-estate filed its March 9, 2001, notice of appeal, precluded appellate court jurisdiction. *Id.* Applying our supreme court's finding in *Star Charters*, the court held that it had jurisdiction because the defendant-tavern's posttrial motion for setoff did not constitute a modification of the judgment that was directed at the verdict. *Id.* at 597.

> "Instead, the motion for setoff seeks to satisfy the judgment entered by the trial court. Because [defendant-tavern's] request for a setoff did not constitute a posttrial motion that was directed against the verdict, Supreme Court Rule 303(a)(2) was not applicable, and the estate did not have to withdraw its notice of appeal and refile." *Id.*

¶ 21 For the same reason that the court in *Penrod* found jurisdiction under Rule 303 after the filing of a posttrial motion for setoff, this court finds a lack of jurisdiction to consider plaintiff's contentions as to the trial court's April 19, 2021, directed finding.

¶ 22 Plaintiff here does not dispute the holding in *Star Charters* or *Penrod* but attempts to merely distinguish the facts in those cases from what is at issue in the present case. Ultimately, plaintiff just disagrees with the holding as applied here, with no reference to authority, and states that "[i]t is [plaintiff's] argument that the trial court did not lose jurisdiction until 30 days passed on the filing under the same case number which would have been on or about June 19, 2021." Rule

303(a)(1) and Illinois Supreme Court jurisprudence dictate otherwise. To accept plaintiff's position, we would have to accept that plaintiff would have a potentially infinite amount of time to file its notice of appeal if the possibility of a posttrial setoff motion exists.

¶ 23     Additionally, defendant's posttrial motion for setoff did not raise a new claim to toll plaintiff's time for appeal. The motion for setoff requested the following relief:

> "Defendant *** requests that the Court enter an order applying the [$34,558] setoff declaring that the [$50,361] judgment has been partially satisfied in the amount of [$34,558] prior to entry of the judgment, and that the remaining unsatisfied portion of the judgment is [$15,803], and for any other relief that is appropriate and just."

¶ 24     Final judgment was issued by the trial court on April 20, 2021, disposing of both counts in plaintiff's amended complaint. Because defendant's motion for setoff was not directed against the judgment and not subject to the 30-day filing limit, Rule 303(a)(1) required plaintiff to file a notice of appeal by May 20, 2021, if it wished to seek appellate review of the trial court's April 19, 2021, directed finding. See *Star Charters*, 192 Ill. 2d at 49; see also Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Therefore, plaintiff's June 16, 2021, notice of appeal was untimely as to that issue. This court may still entertain plaintiff's contentions regarding the trial court's granting of defendant's posttrial motion for setoff, issued on May 20, 2021.

¶ 25     Plaintiff's lone remaining, timely raised contention in this appeal is that the trial court erred in granting defendant's posttrial motion for setoff. Just as in its response to defendant's setoff motion below, plaintiff here argues that the payment of $34,448 made by defendant's indemnitor was for profits lost during the interruption of business after the collision, and not for future profits lost after the business was reopened.

¶ 26     The determination of whether a defendant is entitled to a setoff is a question of law and,

therefore, subject to *de novo* review. *Thornton v. Garcini*, 237 Ill. 2d 100, 115-16 (2009).

¶ 27    When used as it is in the present case, the term "setoff" refers to a defendant's request for a reduction of the damage award because a third party has already compensated the plaintiff for the same injury. *Id.* at 113. Where there is a single and indivisible injury caused by defendants' negligence, the damages are inseparable, and any amounts received from any defendant must be deducted from the total damages sustained. *Klier*, 200 Ill. App. 3d at 127. An injured person is entitled to one full compensation for his injuries, and a double recovery for the same injury is against public policy. *Id.* (citing *Eberle v. Brenner*, 153 Ill. App. 3d 700, 702 (1987)). "[A] plaintiff who has recovered for his damages should have no basis to complain because a defendant benefited from a setoff." *Eberle*, 153 Ill. App. 3d at 702.

¶ 28    Based on this court's review of the record, we can find no evidence presented by plaintiff to separate its claim for loss of profits into two separate and distinct injuries, or, as plaintiff characterizes it, "monies lost during the interruption period" and "future loss of profits after the business was re-opened." The trial court was presented with expert testimony by both parties. Ultimately, the trial court elected to adopt Jacque's calculation of $50,361 in damages for lost profits, based on his testimony and the attached report detailing that calculation. Paragraph 2 of Jacque's report details that he calculated "the loss of profits incurred by [plaintiff] as a result of being closed for approximately 12 weeks due to property damage caused by [defendant] in August 2016." Jacque explained in his testimony that $50,361 reflected revenue lost during the actual closure of plaintiff's business, as well as future revenue lost due to the loss of new patients during the closure.

¶ 29    Even if the trial court would have accepted McGovern's calculation of plaintiff's lost profits, at no point during trial was any evidence presented that McGovern's calculation

distinguished between the 12 weeks of business interruption and the period following reopening. It is clear from the record that the $50,361 judgment represented all of plaintiff's lost profits sustained because of defendant's collision with the business.

¶ 30    Plaintiff did not contest Hays's declaration in support of defendant's setoff motion. Nor did plaintiff contest the proof of a $34,558 payment from defendant's indemnitor to plaintiff's insurer. That payment was compensation for plaintiff's lost profits, made prior to the trial court's April 20, 2021, entry of judgment in favor of plaintiff for $50,361 for the same injury. Therefore, we can find no error with the trial court granting defendant's posttrial motion for setoff.

Before concluding, we note that plaintiff argues in the alternative to his above contention that setoff should be reduced under the common fund doctrine. See *Bishop v. Burgard*, 198 Ill. 2d 495, 508 (2002). The following is the totality of plaintiff's briefing on this argument: "Alternatively, if this Court does believe that Defendant/Appellee is entitled to a setoff, the setoff should be reduced by 1/3 under the common fund doctrine." This argument is insufficient to merit appellate review. An argument must "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). We will not belabor the point except to say that this argument is forfeited and that the common fund doctrine has no applicability to the record in this case.

¶ 31                                III. CONCLUSION

¶ 32    For the foregoing reasons, we dismiss plaintiff's appeal from the April 19, 2021, directed finding of the circuit court of Du Page County in favor of defendant on count II of the amended complaint, due to lack of appellate jurisdiction, and we affirm the court's judgment granting defendant's posttrial motion for setoff.

¶ 33    Affirmed in part and dismissed in part.

---

**No. 2-21-0324**

---

| | |
|---|---|
| **Cite as:** | *Philippou Eye Associates, Ltd. v. Pill*, 2022 IL App (2d) 210324 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 18-L-858; the Hon. Robert G. Kleeman, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Terry D. Slaw, of Alan H. Shifrin & Associates LLC, of Rolling Meadows, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Patrick R. Boland and Kaleigh A. Barrett, of Momkus LLP, of Lisle, for appellee. |

---