NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220319-U

NO. 4-22-0319

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 14, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| STACY ROSEBERRY, WILLIAM B. HILLEBRENNER, and LEECIA HILLEBRENNER, | ) ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellants, | ) | Pike County |
| v. | ) | No. 18L13 |
| FEROL D. HILLEBRENNER, Individually and as | ) | |
| Executor of the Estate of Thomas E. Hillebrenner, | ) | Honorable |
| Defendant-Appellee. | ) ) | Timothy J. Wessel, Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court affirmed the trial court's order, which granted plaintiffs' petition for indirect civil contempt against defendant.

¶ 2    This appeal presents the second chapter of a dispute arising from the 1948 will of Henry Hillebrenner, in which Henry bequeathed farmland to Thomas Hillebrenner for Thomas's lifetime and, upon Thomas's death, to the "heirs of his *** body that are living at the time of [Thomas's] death." Upon Thomas's passing, his living heirs were Stacey Roseberry, William B. Hillebrenner, and Leecia Hillebrenner (plaintiffs).

¶ 3    In October 2018, plaintiffs filed a lawsuit against Thomas's wife, Ferol Hillebrenner (defendant), in her individual capacity and as executor of Thomas's estate, (1) to quiet title in the property to plaintiffs, (2) to order defendant to pay rent for the years she occupied the property, and (3) to evict defendant. In October 2020, the trial court entered summary judgment in favor of plaintiffs. This court affirmed the trial court's judgment.

*Roseberry v. Hillebrenner*, 2021 IL App (4th) 200551-U, ¶ 43.

¶ 4        In September 2021, plaintiffs filed a petition for indirect civil contempt, alleging that defendant was willfully failing to comply with the trial court's October 2020 order. In December 2021, the trial court found that defendant (1) was in indirect civil contempt for failing to comply with parts of the court's prior order, (2) had made certain payments toward back rent, back farm income, and interest, and (3) was entitled to credits (a/k/a "offset") for having paid "costs that accrued to the benefit of Plaintiffs."

¶ 5        Plaintiffs appeal, arguing that the trial court erred by awarding defendant an "offset" for monies paid to maintain or improve the property because the award modified the court's October 2020 order, which was a final judgment. Plaintiffs claim that the court's "modification" of its prior order was barred by *res judicata* because the court's order had been affirmed on appeal. We disagree.

¶ 6                                    I. BACKGROUND

¶ 7        Because this appeal concerns only the trial court's indirect civil contempt order, we discuss only those facts necessary to render a decision on that issue. A more detailed background can be found in this court's decision in *Roseberry*, 2021 IL App (4th) 200551-U.

¶ 8        In October 2018, plaintiffs filed a lawsuit against defendant seeking to (1) quiet title in property occupied by defendant, (2) receive reasonable rent for the period defendant occupied the property, and (3) evict defendant from the property. In November 2019, the trial court entered summary judgment in favor of plaintiffs. In January 2020, defendant appealed and filed a motion for stay pending appeal. In July 2020, this court dismissed defendant's appeal for lack of jurisdiction.

¶ 9        In October 2020, the trial court entered a written order vacating its December

2019 order and entered a new order granting summary judgment in favor of plaintiffs and ordering defendant, among other things, to (1) vacate the property within 45 days, (2) pay $22,750 for past rent and $650 per month for any additional monthly rent that may accrue, and (3) pay $128,724.52 for the 2018 and 2019 farm income that defendant received. That same day, the court entered a written order granting defendant's motion for stay pending appeal in which the court adopted its order granting summary judgment but also ordering, among other things, that defendant (1) may continue to reside on the property until the appeal was decided, (2) shall secure renter's insurance, (3) shall pay "all utility charges and real estate taxes which accrue during the period of their possession, including the 2019 taxes due and payable in 2020," and (4) "pay rent in the agreed amount of $650 per month, effective October 3, 2020."

¶ 10        In July 2021, this court affirmed the trial court's judgment. *Roseberry*, 2021 IL App (4th) 200551-U.

¶ 11        In September 2021, plaintiffs filed a petition for indirect civil contempt, alleging defendant was in willful contempt of the trial court's October 2020 orders by failing to pay in full the judgment amount ordered by the trial court and to relinquish possession of the property to plaintiffs. Regarding the judgment, the petition alleged that defendant was required to pay a total amount of $172,585.37 but plaintiffs received from defendant only "$135,535.48 along with a letter detailing [claimed] deductions totaling $34,464.52." According to defendant's letter, those deductions were for costs associated with maintenance of the property—namely (1) yard mowing, (2) property insurance prior to the court order, (3) painting buildings, (4) road rock, (5) bridge repairs, (6) bathroom repairs, (7) HVAC services, and (8) "LP supply currently in propane tank."

¶ 12        That same month, defendant filed her answer in which she asserted the following:

"[T]he order dated October 5, 2020, only required Defendant to pay monthly rent; farm rent received during 2019 and 2020; utilities; renter's insurance and real estate taxes. Certain repairs and maintenance were necessary to keep the property in the same condition as it had been and further, said repairs inevitably made the property more valuable for its sale. ***.

Further *** Defendant is not willfully and flagrantly refusing to comply with the Court's order. Defendant has a contract to purchase another residence but has a closing date that will enable her to be out of the house by November 5, 2021."

¶ 13    Following oral arguments, in December 2021, the trial court granted the petition in part, finding that defendant was (1) "entitled to a credit offset of $28,764.52 as of September 9, 2021, for payment of costs [related to maintenance of the property] that accrued to [the] benefit of Plaintiffs" and (2) required to pay $7906.53 to plaintiffs (the difference between the claimed credit and the ordered credit).

¶ 14    Later in December 2021, plaintiffs filed a motion to reconsider, arguing that "[t]he post judgment relief granted to Defendants is prohibited by the finality of the appealed (affirmed) judgment mandate that was issued by the Appellate Court."

¶ 15    In March 2022, the trial court held a hearing on plaintiffs' motion to reconsider at the conclusion of which it denied the motion, explaining the following. "I made the decision I made because I found that it would be unjustly enriching the plaintiffs to—they clearly gain something by [defendant] putting this—these monies into the improvements of the property and they clearly gain by that, and I felt it was un-equitable to allow them to unjustly enrich themselves through that."

¶ 16        This appeal followed.

¶ 17                              II. ANALYSIS

¶ 18        Plaintiffs appeal, arguing that the trial court erred by awarding defendant an "offset" for monies paid to maintain or improve the property because the award modified the court's October 2020 order, which was a final judgment. Plaintiffs claim that the court's "modification" of its prior order was barred by *res judicata* because the court's order had been affirmed on appeal. We disagree.

¶ 19                    A. The Applicable Law and the Standard of Review

¶ 20        " '*Res judicata* is an equitable doctrine that bars the relitigation of issues that were raised and adjudicated in a prior proceeding.' " *People v. Poole*, 2022 IL App (4th) 210347, ¶ 81 (quoting *People v. Kines*, 2015 IL App (2d) 140518, ¶ 20, 37 N.E.3d 428). The doctrine not only bars what was actually decided in the prior proceeding but also what could have been decided. *Id.* ¶ 81. Whether a party's claim is barred by *res judicata* is a question of law that appellate courts review *de novo*. *Id.* ¶ 82.

¶ 21                                B. This Case

¶ 22        First, this court's decision, which affirmed the trial court's grant of summary judgment, does not bar the trial court from subsequently granting defendant a credit or offset against plaintiffs' judgment. The doctrine of *res judicata* is not implicated by our earlier decision because the only issue this court decided in that appeal was the applicability of the Rule in Shelley's case. We note that at the time we issued our judgment in the earlier appeal, defendant had not yet disclosed to the trial court the expenditures for which she was given credit. Further, because defendant could not have known the total amount she would expend on the property until after she vacated the property, defendant could not have made her claim for an offset before

or during the earlier appeal. Accordingly, this court could not have decided those issues that were not before it or had even yet to ripen. Because the issue of whether defendant was entitled to an offset was not and could have been decided on the original appeal, the doctrine of *res judicata* does not bar defendant's claim for that offset. See *Poole*, 2022 IL App (4th) 210347, ¶ 81.

¶ 23 Second, the trial court's granting an offset against plaintiffs' judgment was not a modification of a final judgment; instead, the court was exercising its inherent authority to effectuate its prior judgments. See, *e.g.*, *Philippou Eye Associates, Ltd. v. Pill*, 2022 IL App (2d) 210324, ¶ 18 ("A defendant's request for setoff to reflect amounts paid by settling defendants seeks not to modify but, rather, to satisfy the judgment entered by the trial court."); *Shempf v. Chaviano*, 2019 IL App (1st) 173146, ¶ 32, 126 N.E.3d 503 ("Separate and apart from motions to vacate or modify final judgments are motions to *enforce* those judgments. Courts typically enforce orders by way of contempt proceedings." (Emphasis in original.)); *Klier v. Siegel*, 200 Ill. App. 3d 121, 127, 558 N.E.2d 583, 588 (1990) ("[T]he amount of the execution to be issued upon a judgment, as in this case, is subject to the legal and equitable control of the court.").

¶ 24 In the present case, the trial court allowed defendant to occupy the property at issue until the conclusion of the appeal and ordered defendant to pay utility charges, taxes, and rent that accrued during that time period. Although the court did not order defendant to pay for maintenance of the property, defendant paid for upkeep and repairs to the property, which the trial court determined benefited plaintiffs. Accordingly, the trial court accounted for defendant's expenditures on the property as credits against plaintiffs' judgment in its grant of the indirect civil contempt motion. In so ruling, the court did not modify its original judgment but merely determined in equity that defendant was entitled to an offset against the judgment for amounts

she paid to maintain the property in good condition. We conclude the court's order was an exercise of its equitable powers and was entirely proper.

¶ 25                                   III. CONCLUSION

¶ 26        For the reasons stated, we affirm the trial court's judgment.

¶ 27        Affirmed.